UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>            Plaintiff,<br><br>      v.<br><br>RALPH DIAZ, et al.,<br><br>            Defendants. | No.  2:20-cv-1004 CKD P<br><br><br>ORDER |

Plaintiff is a California prisoner proceeding pro se with claims arising under 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Plaintiff's complaint identifies 48 defendants, 11 claims, and spans numerous events occurring over at least 6 years.  Much of the information included in the complaint is repetitive and/or irrelevant to stating a claim upon which relief can be granted. With respect to some of the defendants, plaintiff fails to make any allegations suggesting personal participation in any of the deprivations alleged.  Liability in a 42 U.S.C. §1983 case "arises only upon a showing of personal participation by the defendant."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Also, plaintiff has violated Federal Rule of Civil Procedure 18(a) by joining claims and defendants that have no relation to one another.

Because plaintiff's complaint violates Rules 8(a)(2) and 18(a), plaintiff's complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, the amended complaint must comply with Rule 8 of the Federal Rules of Civil Procedure.  To that end, the amended complaint may not exceed 20 pages and must be written with normal spacing and font size.  Unnecessary background information shall be omitted and plaintiff shall take care not to be repetitive.

Also, plaintiff may bring as many claims as he likes against a particular defendant in his amended complaint.  Fed. R. Civ. P. 18(a).  But, claims brought against other defendants must arise "out of the same transaction, occurrence, or series of transactions or occurrences" as a claim against the first defendant.  Fed R. Civ. P. 20(a)(2).   Vague allegations concerning conspiracy do not satisfy court rules regarding joinder of claims.

In order to state a claim upon which relief can be granted in his amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights, see Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980), alleging in specific terms how each named defendant is involved.  Also, in order to avoid dismissal for

/////

2

1    failure to state a claim, a claim must have facial plausibility.    Bell Atlantic Corp. v. Twombly,

2    550 U.S. 544, 570 (2007).

3        In his amended complaint, plaintiff shall not include any claims where plaintiff failed to

4    exhaust available administrative remedies prior to filing suit.  Under 42 U.S.C. § 1997e(a) "[n]o

5    action shall be brought with respect to prison conditions under section 1983 of this title, or any

6    other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

7    such administrative remedies as are available are exhausted."

8        Plaintiff is informed that denial or delay of medical care for a prisoner's serious medical

9    needs may constitute a violation of a prisoner's Eighth Amendment rights.  Estelle v. Gamble,

10   429 U.S. 97, 104-05 (1976).  A prison official is liable under the Eighth Amendment when injury

11   results from at least deliberate indifference to a prisoner's serious medical needs.  Id.

12       The Equal Protection Clause generally protects against unequal treatment as a result of

13   intentional or purposeful discrimination.  Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997).

14       The Eighth Amendment prohibits prison officials from inflicting cruel and unusual

15   punishment on inmates which has been defined as "the unnecessary and wanton infliction of

16   pain."  Whitley v. Albers, 475 U.S. 312, 319 (1986).  "[W]henever prison officials stand accused

17   of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the

18   core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore

19   discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillan, 503 U.S. 1, 7

20   (1992).

21       Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

22   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

23   complaint be complete in itself without reference to any prior pleading.  This is because, as a

24   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

25   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

26   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

27   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

28   /////

3

1    The court notes that plaintiff has filed a motion asking that the court "pair" this case with

2    a 2017 case pending in Fresno also brought by plaintiff.  Because this action cannot proceed on

3    plaintiff's complaint, the motion will be denied.  In any case, Local Rule 213 concerning the

4    relation of cases does not provide a basis for relating a 2017 case appropriately venued in Fresno

5    to a 2020 case appropriately venued in Sacramento.

6    In accordance with the above, IT IS HEREBY ORDERED that:

7    1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

8    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

9    shall be collected and paid in accordance with this court's order to the Director of the California

10   Department of Corrections and Rehabilitation filed concurrently herewith.

11   3.  Plaintiff's complaint is dismissed.

12   4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

13   complaint that complies with the requirements of this order, the Civil Rights Act, the Federal

14   Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the

15   docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an

16   amended complaint in accordance with this order will result in a recommendation that this action

17   be dismissed.

18   5.  Plaintiff's motion to "pair this case with 1:17-cv-0436 DAD GSA" (ECF No. 7) is

19   denied.

20   Dated:  December 29, 2020

21   _____

CAROLYN K. DELANEY

22   UNITED STATES MAGISTRATE JUDGE

23

24

25   1

smit1004.14

26

27

28

4