UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>RALPH DIAZ, et al.,<br><br>    Defendants. | No. 2:20-cv-1004 CKD P<br><br><br>ORDER |

      Plaintiff is a California prisoner proceeding pro se with claims arising under 42 U.S.C. § 1983. On December 30, 2020, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court dismissed the complaint and granted leave to file an amended complaint. Plaintiff has now filed an amended complaint.

      Having screened the amended complaint, the court finds that it suffers from many of the same problems as the original. As plaintiff already knows, under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's amended complaint identifies 40 defendants. Much of the information included in the amended complaint is repetitive and/or irrelevant to stating a claim upon which relief can be granted. With respect to some of the defendants, plaintiff fails to make any allegations suggesting personal participation in

/////

1

1 any of the deprivations alleged.  Liability in a 42 U.S.C. §1983 case "arises only upon a showing
2 of personal participation by the defendant." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

3       As in the original complaint, plaintiff has violated Federal Rule of Civil Procedure 18(a)
4 by joining claims and defendants that have sufficient relation to one another.

5       Because plaintiff's amended complaint violates Rules 8(a)(2) and 18(a), plaintiff's
6 amended complaint must be dismissed.  The court will, however, grant plaintiff one more
7 opportunity to submit pleadings upon which he might proceed.

8       If plaintiff chooses to file a second amended complaint, plaintiff must comply with Rule 8
9 of the Federal Rules of Civil Procedure.  To that end, the second amended complaint may not
10 exceed 20 pages and must be written with normal spacing and font size.  Unnecessary
11 background information shall be omitted and plaintiff shall take care not to be repetitive.

12       Also, plaintiff may bring as many claims as he likes against a particular defendant in his
13 second amended complaint. Fed. R. Civ. P. 18(a).  But claims brought against other defendants
14 must arise "out of the same transaction, occurrence, or series of transactions or occurrences" as a
15 claim against the first defendant. Fed R. Civ. P. 20(a)(2).   Vague allegations concerning
16 conspiracy do not satisfy court rules regarding joinder of claims.

17       In order to state a claim upon which relief can be granted in his second amended
18 complaint, plaintiff must demonstrate how the conditions complained of have resulted in a
19 deprivation of plaintiff's constitutional rights, see Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980),
20 alleging in specific terms how each named defendant is involved.  Also, in order to avoid
21 dismissal for failure to state a claim, a claim must have facial plausibility.   Bell Atlantic Corp. v.
22 Twombly, 550 U.S. 544, 570 (2007).

23       In his second amended complaint, plaintiff shall not include any claims for which plaintiff
24 failed to exhaust available administrative remedies prior to filing suit.  Under 42 U.S.C. §
25 1997e(a) "[n]o action shall be brought with respect to prison conditions under section 1983 of this
26 title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional
27 facility until such administrative remedies as are available are exhausted."
28 /////

Plaintiff is informed that denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of a prisoner's Eighth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A prison official is liable under the Eighth Amendment when injury results from at least deliberate indifference to a prisoner's serious medical needs. Id.

The Equal Protection Clause generally protects against unequal treatment as a result of intentional or purposeful discrimination. Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997).

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on inmates which has been defined as "the unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillan, 503 U.S. 1, 7 (1992).

Finally, plaintiff is reminded that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of this order and the court's December 20, 2021 order. The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: September 21, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
smit1004.14(2)