UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH, | No. 2:20-cv-1004 KJM CKD P |
| Plaintiff, | |
| v. | ORDER |
| RALPH DIAZ, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 19, 2022, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. The court adopts the findings and recommendations in part and declines to adopt the findings and recommendations in part:

**Claim I**: The court adopts the Magistrate Judge's recommendation that plaintiff may proceed with his first claim under the Eighth Amendment against defendants Standfields, Terry, Calderon, and Andrade. *See* F&Rs at 2, ECF No. 38.

**Claim II**: The court declines to adopt the Magistrate Judge's recommendation to dismiss this claim as not arising "out of the same transaction, occurrence, or series of transactions or occurrences." *Id.* (quoting Fed. R. Civ. P. 20(a)(2)). Plaintiff's allegations against defendants Fujiwara, Stinson, and Balbasova in this second claim arise out of the same series of occurrences as those supporting other claims. He describes a series of physical assaults and other mistreatment in retaliation for his requests for mental health care. *Compare* Second Am. Compl. at 5–7, ECF No. 36 *with id.* at 8–9. The court dismisses the second claim as to the other defendants in this claim. The complaint does not include factual allegations supporting a claim against these other defendants. *See id.* at 8–9.

**Claim III**: As above, the court declines to adopt the Magistrate Judge's recommendation to dismiss this claim as not arising out of the same transaction, occurrence or series of transactions or occurrences. Plaintiff may pursue a claim of excessive force against Defendant Romney for using painful restraints in response to plaintiff's requests for mental health treatment. *See id.* at 10–11. The court dismisses the claim against the other defendants listed in his third claim. The complaint does not include factual allegations supporting a claim against these other defendants. *See id.*

**Claim IV**: The court adopts the Magistrate Judge's recommendation to dismiss this claim. The complaint does not include factual allegations to support plaintiff's claim that supervisors participated in or ignored misconduct by individual officers. *See Starr v. Baca*, 652 F.3d 1202, 1216–17 (9th Cir. 2011).

**Claim V**: The court adopts the Magistrate Judge's recommendation that plaintiff may pursue this claim against defendant Bodenhammer. The court dismisses the claim against the other defendants listed in his fifth claim. The complaint does not include factual allegations supporting a claim against these other defendants. *See* Second Am. Compl. at 7–8.

**Claim VI**: The court declines to adopt the Magistrate Judge's recommendation to dismiss this claim as improperly joined. The court screens and dismisses this claim, however, because it does not include factual allegations showing defendants were deliberately indifferent to his serious medical condition, i.e., Hepatitis C. *See* Second Am. Compl. at 8. At most, his complaint

might prove negligent medical care. *See id.* These allegations cannot support a claim under the Eighth Amendment. *See, e.g.*, *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) ("A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) ("A difference of opinion does not amount to a deliberate indifference to . . . serious medical needs.").

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 19, 2022, are adopted in part as explained above;

2. This case is referred back to the assigned magistrate judge for further proceedings.

DATED: January 24, 2023.

CHIEF UNITED STATES DISTRICT JUDGE