UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH, | No. 2:20-cv-1004 DJC CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RALPH DIAZ, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se and seeking relief against employees of the California Department of Corrections and Rehabilitation under 42 U.S.C. § 1983. On October 19, 2022, the court screened plaintiff's second amended complaint as the court is required to do under 28 U.S.C. § 1915A. The court found as follows with respect to "CLAIM II" in the second amended complaint:

> "CLAIM II" is not properly joined. As plaintiff has been informed twice before, a plaintiff may bring as many claims as he likes against a particular defendant. Fed. R. Civ. P. 18(a). However, claims brought against other defendants must arise "out of the same transaction, occurrence, or series of transactions or occurrences," as a claim against the first defendant. Fed. R. Civ. P. 20(a)(2). Defendants Standfields, Terry, Calderon and Andrade are not named in "CLAIM II" and the claims are not sufficiently related to the incidents of excessive use of force described above.

Accordingly, the court recommended to the previous district court judge assigned to this case, Judge Kimberly Mueller, that "CLAIM II" be dismissed.

On January 25, 2023, Judge Mueller declined to adopt the court's findings and recommendations as follows:

> **Claim II**: The court declines to adopt the Magistrate Judge's recommendation to dismiss this claim as not arising "out of the same transaction, occurrence, or series of transactions or occurrences." *Id.* (quoting Fed. R. Civ. P. 20(a)(2)). Plaintiff's allegations against defendants Fujiwara, Stinson, and Balbasova in this second claim arise out of the same series of occurrences as those supporting other claims. He describes a series of physical assaults and other mistreatment in retaliation for his requests for mental health care. Compare Second Am. Compl. at 5–7, ECF No. 36 with *id*. at 8–9. The court dismisses the second claim as to the other defendants in this claim. The complaint does not include factual allegations supporting a claim against these other defendants. *See id.* at 8–9.

Defendants Fujiwara, Stinson and Balbasova's answer to "CLAIM II" is due June 22, 2023. In a document May 4, 2023, these defendants seek clarification as to the portion of Judge Muller's order identified above. Ordinarily, the court would leave that to Judge Mueller, but the case was reassigned to Judge Daniel Calabretta before the request for clarification was filed. Accordingly, this court will issue findings and recommendations for Judge Calabretta's consideration as to how this matter should proceed on "CLAIM II" in light of Judge Mueller's order and relevant law.

First, defendants ask whether plaintiff states a claim for "retaliation" against defendants Fujiwara, Stinson and/or Balbasova. While not entirely clear, the court understands the defendants to be asking whether plaintiff states a claim under the First Amendment based upon retaliation for protected conduct. Plaintiff asserts that "CLAIM II" arises under the Eighth Amendment and makes no mention of the First Amendment. Further, plaintiff does not adequately allege that he was subjected to adverse action as a result of conduct protected by the First Amendment; plaintiff does not specifically identify protected conduct that led to an adverse action by defendant Fujiwara, Stinson or Balbasova. See <u>Watison v. Carter</u>, 668 F.3d 1108, 1114 (9th Cir. 2012) (in order to state a claim for retaliation, plaintiff must point to facts indicating a causal connection between adverse action and protected conduct).

/////

/////

Next, defendants ask whether plaintiff states a claim for use of excessive force in violation of the Eighth Amendment against defendant Balbasova who plaintiff alleges is a nurse. Plaintiff does not state a claim for excessive force against Balbasova as there is no allegation that she used any force against plaintiff.

Finally, defendants ask that the court clarify Judge Mueller's use of the phrase "other mistreatment" in her order. Instead, the court identifies with more specificity those aspects of "CLAIM II" upon which plaintiff may proceed.

    1.    Plaintiff states a claim for excessive force in violation of the Eighth Amendment against defendant Fujiwara for injuries sustained during the cell extraction occurring on June 17, 2016.

    2.    Plaintiff states a claim for excessive force in violation of the Eighth Amendment against defendant Stinson based upon plaintiff's allegations that Stinson poured feces and urine on plaintiff during the cell extraction occurring on June 17, 2016.

    3.    Plaintiff states claims arising under the Eighth Amendment against defendants Balbasova and Fujiwara for denying plaintiff medical care after the cell extraction.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Fujiwara, Stinson and Balbasova's May 4, 2023, request for clarification be granted.

2. Under the heading "CLAIM II," plaintiff be permitted to proceed on the following claims:

    A. A claim for excessive force in violation of the Eighth Amendment against defendant Fujiwara for injuries sustained during the cell extraction on June 17, 2016.

    B. A claim for excessive force in violation of the Eighth Amendment against defendant Stinson based upon plaintiff's allegations that Stinson poured feces and urine on plaintiff during the cell extraction on June 17, 2016.

    C. Claims arising under the Eighth Amendment against defendants Balbasova and Fujiwara for denying plaintiff medical care after the cell extraction.

3.  Any other claims arising under the heading "CLAIM II" against defendants Fujiwara, Stinson or Balbasova which have not already been dismissed now be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 10, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
smit1004.clar