UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH, | No. 2:20-cv-1004 CKD P |
| Plaintiff, | |
| v. | ORDER |
| RALPH DIAZ, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se and in forma pauperis with an action for violation of civil rights under 42 U.S.C. § 1983. Plaintiff proceeds on claims arising under the Eighth Amendment against employees of the California Department of Corrections and Rehabilitation at California State Prison, Sacramento. Defendants have filed a motion asking that terminating sanctions issue, or that monetary sanctions issue with an order compelling plaintiff to submit to further deposition.[1] All parties have consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

/////

---

[1] The court notes that in defendants' reply brief, defendants take issue with the fact that plaintiff never responded to certain written requests for discovery. Whether that is true is not relevant here as, except with the issues addressed herein concerning plaintiff's deposition, discovery closed on March 22, 2024 (ECF No. 89) without defendants filing a motion to compel plaintiff to provide responses to written requests for discovery.

I. Facts

The court issued its discovery and scheduling order on November 20, 2023. The parties were granted until March 22, 2024, to conduct discovery. Defendants noticed plaintiff's deposition for December 21, 2023, at R.J. Donavan Correctional Facility where plaintiff is currently housed. ECF No. 91-1 at 8. The deposition commenced at 9:30 a.m. RT at 4.

At about the two-hour mark, defense counsel questioned plaintiff as to a visit paid to plaintiff by defendant Nurse Balbasova while plaintiff was in a holding cell. RT at 68. According to plaintiff, Nurse Balbasova approached plaintiff, asked plaintiff his name and then told him "We'll call you into the office and talk to you for a few minutes" at which point Balbasova went into the office after being summoned there by defendant Sgt. Fujiwara. Id. at 69-70. After a few minutes, Balbasova left the office and walked out of the building. Id. at 71.

Essentially, it is plaintiff's contention that Balbasova left the building without speaking to plaintiff further because she was intimidated by Fujiwara and others in the office. Id. Defense counsel questioned plaintiff as to how he knew what was said in the office to Balbasova and the following eventually ensued:

> A. Hey, you know what, I will tell you "Fuck you" and get up and walk out of this mother fuckin' room.
>
> MR. CATRINA: No. Let's take a break right now.
>
> THE WITNESS: No, we're done.
>
> THE VIDEOGRAPHER: We are going off the record. The time is 11:27 a.m.

RT at 72.

At 11:39 a.m. the court reporter and counsel for defendants indicated that the deposition would not continue. Counsel for defendants indicated plaintiff was offered a 10-minute break or longer, but plaintiff refused to continue. RT at 72-73.

Later that day, counsel for defendants sent an email to the litigation coordinator at R.J. Donavan asking that he facilitate a phone call between counsel and plaintiff so that they could meet and confer as to what had occurred at the deposition. Apparently, the call to was to occur on December 28, 2024, but plaintiff ultimately refused to appear for the call. ECF No. 91-3.

In his opposition to defendants' motion (ECF No. 94), plaintiff offers several excuses for his conduct. The court identifies and address those which at least possibly and partially excuse plaintiff's conduct.

Plaintiff indicates that at the beginning of the deposition, plaintiff told defense counsel that he was in severe pain and could not sit for long periods of time. That is not reflected in the transcript of the deposition. Plaintiff indicated he was in "a little pain," but could proceed. RT at 9-10. Plaintiff asserts that immediately after the deposition, plaintiff went to the medical clinic for spinal pain and was sent to an outside hospital where plaintiff stayed until December 26, 2024. Other than his declaration, plaintiff does not point to any evidence in support of this. Plaintiff does not deny that he was informed on December 28, 2024, or before, about the meet and confer phone call and that he refused to appear for the call.

II. Defendants' Argument

    A. Terminating Sanctions

A terminating sanction is "very severe." Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007). In order to determine whether a case should be dismissed for noncompliance with discovery, the court considers the following:

    1. The public's interest in expeditious resolution of litigation;

    2. The court's need to manage its docket;

    3. The risk of prejudice to defendants;

    4. The public policy favoring disposition of cases on their merits; and

    5. The availability of less drastic alternatives.

Computer Task Group, Inc v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004).

With respect to the first factor, plaintiff's actions have delayed this case, thwarting the public's interest in expeditious resolution. However, the court cannot find public interest has been materially undermined or that it will be if this case is permitted to continue. Similarly, while the court has had to expend more resources than necessary to address plaintiff's wrongful conduct, the court's ability to manage its docket has not been significantly harmed.

Further, nothing suggests defendants have suffered any prejudice to their case at this

point. It is still possible for defendants to depose plaintiff further and the policy favoring disposition of the cases on their merits weighs against dismissal.

Finally, the court finds that the combination of a warning and an order that defendants be permitted to depose plaintiff a second time is an acceptable alternative to dismissal at this point. It is of some import that defendants filed a motion for terminating sanctions rather than filing a motion to compel plaintiff to finish his deposition. That being the case, the court has not had an opportunity to provide plaintiff with a direct warning that his conduct at his deposition was wrongful, and that similar conduct will result in an end to these proceedings.

For these reasons, terminating sanctions are not appropriate.

B.  Monetary Sanctions

As an alternative to dismissal, defendants ask that the court sanction plaintiff $150.00, the amount that defendants will have to spend in service fees payable to a court reporting service for a second deposition pursuant to Rule 37 of the Federal Rules of Civil Procedure.

Plaintiff is proceeding in forma pauperis in this action. A review of the trust account statement (ECF No. 5) filed with plaintiff's application to proceed in forma pauperis indicates that as of 2020, plaintiff owed almost approximately $9,000 in restitution and over $1,000 for court filing fees, copies, and postage. At that time, plaintiff had about $100 in his trust account. Nothing in the record suggests plaintiff has the ability to pay any award of sanctions.

Because plaintiff has no ability to pay sanctions an award of sanctions appears futile. Therefore, the court will deny defendants' request for sanctions in the amount of $150.00. See Sanchez v. Rodriguez, 298 F.R.D. 460, 466 (C.D. Cal. March 14, 2014).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' motion for terminating sanctions or monetary sanctions plus an order compelling plaintiff to submit to further deposition (ECF No. 91) is granted in part and denied in part.

2. Defendants' motion for terminating sanctions is denied.

3. Defendants' motion for monetary sanctions is denied.

4. Defendants' motion for an order that plaintiff be compelled to submit to further

deposition is granted.  Defendants are granted 30 days to serve a notice of deposition to plaintiff.  The deposition must occur within 60 days.  Any motion to compel concerning the deposition must be filed within 90 days.  In all other respects, discovery is closed.  After the issues concerning plaintiff's deposition are fully resolved, the court will reset the deadline for the filing of pretrial motions.

     5. Plaintiff is hereby warned that any further willful violations of law, including rules pertaining to depositions, or any order of this court could be met with terminating sanctions.

Dated:  September 17, 2024

                                                                _____
                                                                CAROLYN K. DELANEY
                                                                UNITED STATES MAGISTRATE JUDGE

1
smit1004.41(b)