1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LARRY SMITH,                               No.  2:20-cv-1004 CKD P

12                    Plaintiff,

13         v.                                    ORDER

14    RALPH DIAZ, et al.,

15                    Defendants.

16

17         Discovery being closed and good cause appearing, IT IS HEREBY ORDERED that:

18         1.  All pretrial motions, e.g. any motion for summary judgment, shall be filed on or before

19    March 3, 2025.

20         2.  Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and

21    Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the court hereby informs plaintiff of the

22    following requirements for opposing a motion for summary judgment pursuant to Fed. R. Civ. P.

23    56.  Such a motion is a request for an order for judgment in favor of the defendant without trial.

24    A defendant's motion for summary judgment will set forth the facts that the defendant contends

25    are not reasonably subject to dispute and that entitle the defendant to judgment.  To oppose a

26    motion for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do

27    this in one or more of the following ways.  Plaintiff may rely on plaintiff's statements made under

28    penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge

1

of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies.

Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that

plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must

have personal knowledge of the facts stated.  Plaintiff may rely on written records, but plaintiff

must prove that the records are what plaintiff asserts they are.  Plaintiff may rely on all or any part

of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in

this proceeding.  If plaintiff fails to contradict the defendant's evidence with counteraffidavits or

other admissible evidence, the court may accept defendant's evidence as true and grant the

motion.  If there is some good reason why such facts are not available to plaintiff when required

to oppose a motion for summary judgment, the court will consider a request to postpone

consideration of the defendant's motion.  See Fed. R. Civ. P. 56(d).  If plaintiff does not serve and

file a written opposition to the motion, or a request to postpone consideration of the motion, the

court may consider the failure to act as a waiver of opposition to the defendant's motion.  See

L.R. 230(l).  If the court grants the motion for summary judgment, whether opposed or

unopposed, judgment will be entered for the defendant without a trial and the case will be closed

as to that defendant.

      3.  If defendants move for summary judgment, defendants must contemporaneously serve

with the motion, but in a separate document, a copy of the attached Rand Notice.  See Woods v.

Carey, 684 F.3d 934, 935 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998).

**Failure to do so may constitute grounds for denial of the motion.**

Dated:  January 3, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
smit1004.ptm

2

**Rand Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment.  See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998).  The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial.  If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant.  A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims.[1]  To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated.  You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated.  You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents.  For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed.  If you deny a fact, you must cite to the proof that you rely on to support your denial.  See L.R. 260(b).  If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition.  If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition.  See L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

---

[1] If the motion for summary judgment concerns the exhaustion of administrative remedies, you must submit proof of specific facts regarding the exhaustion of administrative remedies.  See Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Albino v. Baca, 747 F.3d 1162  (9th Cir. April 3, 2014).