UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY SMITH,

      Plaintiff,

      v.

RALPH DIAZ, et al.,

      Defendants.

No.  2:20-cv-1004 CKD P

ORDER

1.  Motion for Counsel

Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

1

establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

2.  Request for Access to Legal Property

Plaintiff asks that the court order the warden at his prison to provide him with his legal property.  There is nothing pending in this action at the moment and plaintiff fails to explain why he requires immediate access to his legal property in furtherance of this action. Therefore, plaintiff requests will be denied.  In due course, the court will order the parties to file pretrial statements in preparation for trial.

3.  Request for Copies

Plaintiff asks that the court provide him with copies of certain documents.  The court generally does not provide copies of documents free of charge.  If plaintiff wishes to obtain copies of documents, he should submit a request to the Clerk of the Court along with the applicable fees.

4.  Motion for Leave to Amend

Finally, plaintiff has filed a motion seeking leave to amend his pleadings.  The only claims which remain are for excessive force against defendant Romney appearing under the heading for "CLAIM III" in his second amended complaint and for excessive force against defendants Standfields and Terry appearing under the heading for "CLAIM I."  ECF No. 121.  In the motion for leave to amend, the only allegations against these defendants are unsupported claims of retaliation, ECF No. 134 at 5, which do not amount to a claim upon which plaintiff can proceed. The other allegations are against other defendants concerning events occurring after the operative complaint was filed and are not proximately related to the claims remaining in this action. Claims based upon these allegations could be brought in a separate action if plaintiff so chooses. In any case, plaintiff's motion for leave to amend will be denied.

/////

/////

2

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 135) is DENIED.

2. Plaintiff's request that the court order the warden at his prison to provide plaintiff with his legal property is DENIED.

3. Plaintiff's request that the court provide him with copies is DENIED.

4. Plaintiff's motion for leave to amend his pleadings (ECF No. 134) is DENIED.

Dated:  June 26, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/ks
smit1004.31.new

3